# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD BROADCAST ) <br> DISTRIBUTION SYSTEMS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRONTPOINT SECURITY SOLUTIONS, ) <br> LLC, ) <br> ) <br> Defendant. ) | C.A. No. 18-187-RGA <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT FRONTPOINT SECURITY SOLUTIONS, LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant FrontPoint Security Solutions, LLC ("FrontPoint") hereby answers the Complaint filed by Plaintiff Rothschild Broadcast Distribution Systems, LLC ("RBDS") as follows:

## PARTIES AND JURISDICTION

1.  FrontPoint admits that the Complaint purports to state a cause of action for patent infringement, seeking injunctive relief as well as damages. FrontPoint expressly denies that FrontPoint has infringed or is infringing the asserted patent, and denies that RBDS is entitled to injunctive relief or damages.

2.  Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, FrontPoint admits this Court has subject matter jurisdiction over claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

3.  FrontPoint is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, therefore, denies those allegations.

4. FrontPoint is a limited liability company and, therefore, denies that it is a corporation. FrontPoint admits that its principal place of business is located at 1595 Spring Hill Road, Suite 110, Vienna, VA 22182.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, FrontPoint expressly denies that it has committed or continues to commit acts of infringement in this District. FrontPoint admits that FrontPoint has conducted business in this District and engages in activities in this District.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, FrontPoint expressly denies that FrontPoint's instrumentalities have infringed or are infringing any claim of the '221 Patent, whether through use, import, offer for sale, or sale in this District.

## VENUE

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, FrontPoint admits that it resides in this District and is a Delaware limited liability company.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)

8. FrontPoint repeats and incorporates by reference its responses to the allegations of Paragraphs 1-7 of the Complaint as if fully set forth herein.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, FrontPoint admits that a cause of action for patent infringement arises under the patent laws of the United States. FrontPoint expressly denies that FrontPoint has infringed or is infringing the asserted patent.

10. FrontPoint is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, therefore, denies those allegations.

11. FrontPoint admits that a document purporting to be a copy of the '221 Patent, entitled "System and Method for Storing Broadcast Content in a Cloud-Based Computing Environment" is attached to the Complaint as Exhibit A.

12. Denied.

13. Denied.

14. FrontPoint admits that it sells home security monitoring systems. FrontPoint expressly denies that its home security monitoring systems are systems for "media content storage and delivery" within the scope of the '221 Patent. FrontPoint expressly denies that it infringes any claim of the '221 Patent, including Claim 1.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. FrontPoint is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and, therefore, denies those allegations.

FrontPoint denies that RBDS is entitled to the relief requested or to any other relief against FrontPoint. To the extent a further response to RBDS's request is necessary, FrontPoint denies each and every allegation set forth in RBDS's request (provisions (a) through (e), inclusive).

## **DEFENSES**

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Without shifting the burden of proof, which remains with RBDS, FrontPoint's products do not infringe any valid and enforceable claim of the '221 Patent.

### Third Defense

The claims of the '221 Patent are invalid because they fail to satisfy the conditions for patentability stated in Title 35 of the United States Code, including, among other sections, §§ 101, 102, 103, and 112.

### Fourth Defense

Without shifting the burden of proof, which remains with RBDS, RBDS's claim for damages is limited by 35 U.S.C. § 287(a).

### Fifth Defense

Without shifting the burden of proof, which remains with RBDS, RBDS's claim for injunctive relief is barred because it has an adequate remedy at law, it is not being, and is not in

danger of being, irreparably harmed, the balance of the hardships is not in its favor, and the public interest is not served by the granting of injunctive relief.

## Additional Defenses

FrontPoint reserves the right to assert additional defenses that may become known to it through discovery, including, but not limited to, inequitable conduct.

## COUNTERCLAIMS

FrontPoint asserts the following Counterclaims against RBDS:

## PARTIES

1. FrontPoint Security Solutions, LLC ("FrontPoint") is a Delaware limited liability company with a principal place of business in Vienna, Virginia.

2. Counter-defendant RBDS Licensing LLC ("RBDS") alleges that it is a foreign limited liability company, organized under the laws of the State of Texas.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, as enacted under Title 35 of the United States Code and the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331-1338 because these Counterclaims arise under the patent laws of the United States, and pursuant to 28 U.S.C. §§ 2201-2202 because an actual controversy exists between FrontPoint and RBDS.

4. These Counterclaims arise out of the same transaction or occurrence that is the subject of RBDS's Complaint.  This Court has personal jurisdiction over RBDS because it submitted itself to the jurisdiction of this Court by filing its Complaint in this judicial district. The acts committed by RBDS that are the basis of this declaratory judgment action occurred in this judicial district.

5. In its Complaint, counterclaim-defendant RBDS alleges that FrontPoint has infringed United States Patent No. 8,856,221 ("the '221 Patent"). Because FrontPoint denies that it infringes any valid and enforceable claim of any of those patents, an actual and justiciable controversy has arisen and now exists between FrontPoint, on the one hand, and RBDS, on the other, as to whether FrontPoint infringes any claim of any of those patents and as to whether the claims of those patents are valid.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to these Counterclaims occurred in this district.

## COUNT I:  DECLARATORY JUDGMENT
## REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 8,856,221

7. FrontPoint repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1-6 of these Counterclaims as if fully set forth herein.

8. FrontPoint does not infringe, and has not infringed, the '221 Patent.

## COUNT II:  DECLARATORY JUDGMENT
## REGARDING INVALIDITY OF U.S. PATENT NO. 8,856,221

9. FrontPoint repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1-6 of these Counterclaims as if fully set forth herein.

10. The claims of the '221 Patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## REQUEST FOR RELIEF

FrontPoint respectfully requests that the Court:

(a) Enter judgment that FrontPoint does not, and has not infringed any claim of the '221 Patent;

(b) Enter judgment that each of the claims of the '221 Patent is invalid;

(c)     Enter judgment denying RBDS all of the relief requested in the Complaint and dismissing RBDS's claims with prejudice;

(d)     Enter judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and award FrontPoint its costs and attorneys' fees; and

(e)     Grant FrontPoint such other and further relief as the Court deems just in the circumstances.

## **DEMAND FOR JURY TRIAL**

FrontPoint hereby demands a trial by jury of all issues so triable by a jury in this action.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: |  |
|  | By:  */s/ Philip A. Rovner* |
| Carlos Perez-Albuerne | Philip A. Rovner (#3215) |
| Margaret E. Ives | Jonathan A. Choa (#5319) |
| Xing-Yin Ni | Hercules Plaza |
| CHOATE HALL & STEWART LLP | P.O. Box 951 |
| Two International Place | Wilmington, DE 19899 |
| Boston, MA 02110 | (302) 984-6000 |
| (617) 248-5000 | provner@potteranderson.com |
|  | jchoa@potteranderson.com |
| Dated: April 30, 2018 | *Attorneys for Defendant* |
| 5760320 |  |